21089—Matthews et v. State Mtge. & Inv. Co. Motion for Cuyahoga Appeals to certify. Allowed.

21090—Rummell et v. State Mtge. & Inv. Co. Motion for Cuyahoga Appeals to Certify. Allowed.

21095—Klivans v. Richards. Motion for Mahoning Appeals to certify. Allowed.

21105—Mestetzkp v. Elf Motor Co. Motion for Cuyahoga Appeals to certify. Allowed.

21107—Newman et v. Daigle Iron Works. Motion for Hamilton Appeals to certify. Overruled.

21108—Halliday v. Clancy et. Motion for Cuyahoga Appeals to certify. Overruled.

21110—Indust. Com. v. Ramsey. Motion for Cuyahoga Appeals to certify. Allowed.

# SYLLABI
# Ohio Supreme Court

## KLAR v. ERIE RD. CO. et.

Ohio Supreme Court.

No. 20588. Decided May 23, 1928.

Error to Portage Appeals.

Judgment affirmed.

**991. RAILROADS—659. Interstate Commerce.**

Empty freight car, standing on siding, not engaged in interstate commerce.

**297. CONTRACTS—313. Corporations—829. Negligence —54. Agency.**

Corporation held not liable for negligence of employees of another corporation which is hired to do certain work. Right of hiring corporation to designate repairs and later ascertain whether same were in accordance with specifications, held not to withdraw, from contractor, his control over manner of conducting work.

MATTHIAS, J.

1. A freight car which after being used for an interstate shipment of coal and unloaded and thereafter placed on a side track to await further disposition, is not, while so retained in the yards, engaged in interstate commerce.

2. Where a corporation contracts with another for the doing of certain work without retaining the right to control or direct the manner in which such work shall be done, it is not liable to third persons for injuries resulting from the negligence of the employe of such contractor.

3. The right of such corporation to designate the repairs it desired to have made and later ascertain whether the same were made in accordance with the specifications does not withdraw from the contractor his control over the manner of conducting the work. Hughes v. Railroad Co., 39 Ohio St. 461, approved and followed.

(Day, Allen, Kinkade, Robinson and Jones, JJ., concur.)

## WESTERN RESERVE STEEL CO. et v. CUYAHOGA HTS. (VIL.).

Ohio Supreme Court.

No. 20911. Decided May 23, 1928.

Error to Cuyahoga Appeals.

Judgment reversed.

**799. MUNICIPALITIES—973. Public Utilities.**

1. Municipality which undertakes to supply water to its public must do so without discrimination.

2. Art. XVIII, Sections 4 and 6, Ohio Constitution, does not release municipalities from such duties.

3. Municipality, which contracts to supply water to public of another municipality, assumes such duty to public of contractee regardless of terms of contract.

ROBINSON, J.

1. It is the duty of a municipality which undertakes to supply water to its public to do so without discrimination. The duty arises out of such undertaking, regardless of the mode adopted to accomplish such purpose. The municipality cannot absolve itself of such duty by a contract to which the person sought to be discriminated against and to whom it owes the duty is not a party.

2. The provisions of Sections 4 and 6 of Article XVIII of the Constitution of Ohio, authorizing municipalities to contract with each other for water service, do not release such municipalities from any duty which they owe to their respective publics or the public of each other.

3. When a municipality contracts to supply water to the public of another municipality, it dedicates itself in that respect to the service of the public of such other municipality; and while it may limit, by contract, the scope and extent of its duty to the municipality as such, it cannot, while enjoying the privileges and immunities of a public utility, by such contract absolve itself from the duties toward such public that are cast upon it by law by reason of such dedication.

(Marshall, CJ., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.)

## STATE ex Kleiman v. CLEVELAND.

Ohio Supreme Court.

No. 21014. Decided May 23, 1928.

In Prohibition.

Writ allowed.

**413. DIVORCE AND ALIMONY—1010. Reference and Referees.**

Court cannot refer issues of fact and law, in divorce case, to referee.

ALLEN, J.

Under Section 11986, General Code, in the hearing of a divorce case, the court must hear and determine the cause, and cannot refer the issues of fact and law to a referee for findings and decision.

(Marshall, C. J., Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

## MINERVA-CANTON TRANSP. CO. v. P. U. C.

Ohio Supreme Court.

No. 21048. Decided May 23 1928.

Error to P. U. C.

Order affirmed.

**216. CERTIFICATES—Of Convenience and Necessity—973. Public Utilities Commission—793a. Motor Transport.**

Public Utilities Commission has authority to revoke certificates of convenience and necessity. Failure of motor transportation company to comply with provisions of law or rules of commission, warrants such revocation.

MATTHIAS, J.

1. The Public Utilities Commission is authorized by law, "for a good cause" to revoke a certificate of public convenience and necessity theretofore issued by it to any motor transportation company.

2. The failure of a motor transportation company to comply with the provisions of law or the rules and regulations prescribed by the Public Utilities Commission for the safety of the traveling public warrants the revocation of its certificate of public convenience and necessity.

(Marshall, CJ., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.)